# EXHIBIT 2

*September 1, 2023 @
10am
Judge Dishman*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RED'S HEALTH & WELLNESS LLC, an
Oklahoma limited liability company,

        Plaintiff,

v.

LEAFLINK, INC., a Delaware corporation,
and FUSION LLF, LLC, a Delaware
corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

**FILED IN DISTRICT COURT
OKLAHOMA COUNTY**

AUG 3 0 2023

**RICK WARREN
COURT CLERK**
43

**CJ-2023-4980**

## PETITION

COMES NOW the Plaintiff, Red's Health & Wellness LLC ("Red's"), by and through

undersigned counsel, and for its claims against the Defendants, LeafLink, Inc. ("LeafLink") and

Fusion LLF, LLC, hereby states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Red's is an Oklahoma limited liability company authorized to do business in

Oklahoma, with its principal place of business located at 1280 Summit Ridge Drive, Edmond,

Oklahoma 73025.

2.     LeafLink, Inc. is a Delaware corporation with its principal place of business

located at 80 Broad Street, New York, New York 10004.

3.     Fusion LLF, LLC dba LeafLink Payments is a Delaware corporation authorized to

do business in Oklahoma.  Fusion, LLF, LLC may be served c/o CT Corporation System, 1833

S. Morgan Road, Oklahoma City, Oklahoma.

4.     Jurisdiction and venue are appropriate in this Court.

1

## FACTUAL BACKGROUND

5.      Red's manufactures medical marijuana products under the tradename "Presidential" and "Presidential THC" and sells those products wholesale to various dispensaries in the State of Oklahoma.

6.      Red's, at considerable expense, has established and maintained a cannabis business of substantial value and developed valuable relationships with its customers and prospective customers, which constitute a major part of Reds' business.

7.      To facilitate these sales, Red's utilizes the platform LeafLink to market and sell its cannabis products.  LeafLink is a wholesale marketplace for licensed cannabis businesses. LeafLink conducts business in the State of Oklahoma.

8.      Upon information and belief, pursuant to Reds' agreement with LeafLink, Fusion LLF, LLC dba LeafLink Payments, on behalf of LeafLink, debited fees in the amount of $999.00 per month in exchange for LeafLink's wholesale marketplace access, among other things. *See* Ex. 1, LeafLink and Reds Health and Wellness Order Form.

9.      On August 23, 2023, counsel for Red's received an email from LeafLink stating that "We have received a legal notification that your client, Reds Health & Wellness LLC, is violating the intellectual property rights of a third party. This is a violation of LeafLink's terms and conditions. Please be advised that your client must remove all infringing products (in this case, any product labeled with "Presidential" or "Presidential THC") from the LeafLink Marketplace. If your client does not comply within 24 hours, their account will be suspended. Thank you in advance for your cooperation." *See* Ex. 2, 08/23/2023 Email from Kyaire Wynn to Michael R. Perri.

10.      Presumably, the basis of LeafLink's email is the Order Granting [in part, and

2

denying in part,] Plaintiffs' Application for Temporary Injunction entered by this Court on August 18, 2023 (the "Order"). *See* Ex. 3, Order.

11.    On or about May 15, 2023, Presidential Marketing Consultants Corp. and PM Consultants OK, LLC (collectively, "Presidential") filed a Petition in Logan County District Court, Case No. CJ-2023-108, alleging that Red's had infringed on Presidential's alleged common law and statutory trademark among other equitable and legal claims. Based on the alleged infringement, Presidential sought a Temporary Restraining Order, which was approved and entered by this Court on the same day.

12.    The hearing on the Temporary Injunction was held on June 7, 2023. After the hearing, the Court ruled that Red's was prevented from using the alleged Presidential logo but declined to restrict Red's from using the name "Presidential," which includes the name Presidential THC. *See* Ex. 3, Order.

13.    The Order is not an adjudication on the merits. In fact, the pretrial conference for the hearing on the merits of any alleged infringement in Case No. CJ-2023-108 is not set until October 27, 2023.

*See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=logan&number=CJ-2023-108

14.    Upon receipt of the August 23, 2023, email marked hereto as Exhibit 2, Reds' counsel emailed Mr. Wynn at LeafLink several times to explain the effect of the Order on the temporary injunction, including pointing out to Mr. Wynn that the Order specifically authorized Red's to use the name "Presidential" and inquired of Mr. Wynn what "intellectual property rights of a third party" LeafLink believed Red's was infringing upon. Finally, Red's counsel asked to speak directly with LeafLink's counsel. However, counsel's repeated attempts to discuss the Order on the temporary injunction were ignored by Mr. Wynn and LeafLink. *See* Ex. 4,

3

08/23/2023 Emails from Michael R. Perri to Kyaire Wynn.

15.      However, in order to avoid account suspension, Red's removed the name "Presidential" from LeafLink's platform and replaced it with "Red's Health & Wellness." Red's has lost considerable money, and is at serious risk of permanently losing customers and business as a result of LeafLink's actions.

16.      Red's is suffering irreparable harm because of the peculiar nature of the damage suffered, and the risk of loss of customers and business as a result of LeafLink's actions. Thus, the very viability of Plaintiff's business is at risk because of the potential magnitude of the business diverted from Plaintiff.

## FIRST CAUSE OF ACTION
### Request for Temporary Injunction

Red's adopts and incorporate by reference each and every allegation above as though set forth herein.

17.      Red's is entitled to a temporary injunction pursuant to 12 O.S. §§ 1381 *et seq*.

18.      Red's has no adequate remedy at law or otherwise because Red's is in danger of permanently losing customers and business as a result of LeafLink's actions.

19.      Red's has no adequate remedy at law or otherwise because of the particular nature of the damage done and the likelihood of repetitive injury in the future.

20.      Red's will suffer irreparable harm, damage and injury unless LeafLink's acts are enjoined.

## SECOND CAUSE OF ACTION
### Declaratory Judgment

Red's adopts and incorporates by reference each and every allegation above as though set forth herein.

21.    Pursuant to 12 O.S. § 1651, District Courts may determine the rights, status and other legal relations of cases of actual controversies.

22.    A controversy exists as to the legal rights and obligation of the parties in regard to LeafLink's suspension of Reds' account.

23.    Accordingly, Red's petitions this Court to enter a declaratory judgment to determine and declare that Red's is permitted to use the name "Presidential" and "Presidential THC" in connection with the sale of its medical marijuana products on the LeafLink platform.

## THIRD CAUSE OF ACTION
### Tortious Interference with Business and Prospective Economic Advantage

Red's adopts and incorporates by reference each and every allegation above as though set forth herein.

24.    Red's had a business relationship with various dispensaries in the State of Oklahoma.

25.    LeafLink knew, or under the circumstances reasonably should have known about the business relationship.

26.    LeafLink interfered with the prospective business relationship by preventing Reds' customers from entering into or continuing the business relationship.

27.    LeafLink's conduct was intentional.

28.    LeafLink used improper means to interfere with Reds' business relationships.

29.    Red's suffered damages as a direct result of LeafLink's actions.

## FOURTH CAUSE OF ACTION
### Tortious Interference with Contract

30.    Red's has contracts with various dispensaries in the State of Oklahoma.

31.    LeafLink knew or under the circumstances reasonably should have known about

those contracts.

32.    LeafLink interfered with those contracts or made it impossible for those contracts to be performed.

33.    LeafLink's conduct was intentional.

34.    LeafLink used improper means to interfere with Reds' business relationships.

35.    Red's suffered damages as a direct result of LeafLink's actions.

WHEREFORE, Plaintiff, Red's Health & Wellness, LLC, respectfully requests this Court find, order and declare that Red's is permitted to use the name "Presidential" and "Presidential THC" in connection with the sale of its medical marijuana products on the LeafLink platform; enter Judgment against the Defendants, LeafLink, Inc. and Fusion LLF, LLC, for actual damages in an amount in excess of $75,000 for its tortious interference, any and all applicable interest, its reasonable attorney's fees and costs incurred in this matter, and any other relief to which Plaintiff is entitled and which this Court finds just and proper.

Respectfully submitted,

Michael R. Perri, OBA #11954
Socorro Adams Dooley, OBA # 32716
PERRI DUNN PLLC
100 N. Broadway, Suite 3280
Oklahoma City, OK 73102
Telephone: (405) 724-8543
mrperri@perridunn.com
sadooley@perridunn.com
*Attorneys for Plaintiff Red's Health & Wellness, LLC*

# 𝓛𝓛 leaflink

## LeafLink + Reds Health and Wellness Order Form

Reds Health and Wellness
1280 Summit Ridge Drive
Edmond OK
73025

*Start Date*
4/24/2023
*Expiration Date*
5/23/2023
*Billing Frequency*
Monthly

## Services Provided:

| Marketplace-Premium | State |
|---|---|
| Marketplace Access for 5 Brand(s) | OK |
| METRC Integration | OK |
| Custom Integration with 2 System | OK |
| myBI Subscription for up to 3 users | OK |
| MarketScape Subscription for up to 3 users | OK |
| Ad credit of $500 per calendar month | OK |

## Fees for the Services:

1. Reds Health and Wellness ("**Customer**") agrees to pay LeafLink $999 per month for the products and services listed above in this Order Form (this "**Order Form**").
2. In the event that Customer uses more Services in a calendar month than those listed in this Order Form, or uses services not currently listed in this Order Form, additional fees as listed in Schedule 1 may apply. The allowances for the Services listed in this Order Form will reset each month on the first day of the month. No refund or credit will be provided if the Services listed in this Order Form are not fully used during each month. Any allowances for the Services, including but not limited to the ad credits, that are not used in a calendar month will not roll over to the next month.

## THIS QUOTATION IS SUBJECT TO THE FOLLOWING:

1. This Order Form is governed by and incorporates LeafLink's Master Subscription Agreement, which is available at https://www.leaflink.com/terms-and-conditions (together, this "**Agreement**"). To the



EXHIBIT
1

extent that the terms of the Master Subscription Agreement are in conflict with the terms of this Order Form, the terms and conditions of this Order Form shall control.

2. This Agreement is effective as of the Start Date and will continue until termination pursuant to the terms of the Agreement or this Order Form. Customer may terminate this agreement by providing LeafLink with written notice of termination at least [60] days prior.

3. On or before the fifth (5th) business day of each month, LeafLink will deliver to Customer an invoice detailing the monthly subscription fee owed under this Order Form, in addition to any overage fees incurred by Customer for the previous calendar month (collectively, the "**Fees**"). Customer agrees that LeafLink will debit its bank account for the full amount of such invoice two business days after such invoice has been delivered.

AGREED AND ACCEPTED:

_____          _____
Melvin Childs - Owner                              Date
Reds Health and Wellness

_____          _____
Chandler Salisbury – VP, Finance                Date

LeafLink, Inc.

Schedule 1 – Fees for Overages

|  | Additional Charges per Calendar Month |
|---|---|
| Ad purchases over $[250] | Standard LeafLink rates for ad purchases |
| myBI for additional users over three users | $50 per additional user |
| MarketScape for additional users over three users | $50 per additional user |
| Additional Integrations | Standard LeafLink rates for integrations |

**Socorro Adams Dooley**

| | |
|---|---|
| **From:** | Kyaire Wynn <kyaire.wynn@leaflink.com> |
| **Sent:** | Wednesday, August 23, 2023 4:51 PM |
| **To:** | Michael R. Perri |
| **Cc:** | Socorro Adams Dooley; Ali Wolff; Lisa Wang |
| **Subject:** | Reds Health & Wellness LLC - Follow up |
| **Attachments:** | 2023.16.08OrderGrantingInjunction.pdf |

Dear Mr. Perri,

We have received a legal notification that your client, Reds Health & Wellness LLC, is violating the intellectual property rights of a third party. This is a violation of LeafLink's terms and conditions. Please be advised that your client must remove all infringing products (in this case, any product labeled with "Presidential" or "Presidential THC") from the LeafLink Marketplace. If your client does not comply within 24 hours, their account will be suspended. Thank you in advance for your cooperation.

## *ll* leaflink

**Kyaire Wynn**
Compliance Specialist, Logistics
LeafLink, Inc.
Kyaire.Wynn@leaflink.com

EXHIBIT
**2**

STATE OF OKLAHOMA
LOGAN COUNTY SS
FILED F            ON

2023 AUG 18  PM 2: 17

BY_____ DEPTY

**IN THE DISTRICT COURT OF LOGAN COUNTY**
**STATE OF OKLAHOMA**

PRESIDENTIAL MARKETING          )
CONSULTANTS CORP., a California   )
corporation; and PM CONSULTANTS OK )
LLC, an Oklahoma limited liability company; )
                                 )
    PLAINTIFFS,                  )
                                 )
v.                               )        Case No: CJ-2023- 108
                                 )
REDS HEALTH & WELLNESS LLC; an   )
Oklahoma limited liability company; MELVIN )
CHILDS, an individual; and VERDIA )
"ELAINE" EZELL-CHILDS            )
                                 )
    DEFENDANTS.                  )

**ORDER GRANTING PLAINTIFFS'**
**APPLICATION FOR TEMPORARY INJUNCTION**

Plaintiffs, Presidential Marketing Consultants Corp., and PM Consultants OK LLC's

("Plaintiffs"), hearing on their Application for the issuance of a Temporary Injunction, filed

pursuant to 12 O.S. §1381 *et. seq.*, was heard on the morning of June 7, 2023. Plaintiffs appeared

through their member and shareholder, John Zapp, and their counsel of record, Justin Williams of

Overman Legal Group, PLLC. Defendants, Reds Heath & Wellness LLC, Melvin Childs, and

Verdia Ezell-Childs ("Defendants") appeared personally and through their counsel, Michael Perri

and Socorro Adams Dooley of Perri Dunn PLLC.

The Court heard opening arguments from the parties' counsel, heard the testimony of John

Zapp, Melvin Childs, and Verdia Ezell-Childs, and reviewed the evidence introduced at the

hearing. Having reviewed the evidence and testimony introduced at the hearing, reviewed the

Plaintiffs' Application, being fully advised in the Premises, and for good cause shown, the Court

hereby GRANTS the Plaintiffs' Application for a Temporary Injunction on the terms set forth hereinbelow.

In connection with its ruling, the Court makes the following affirmative findings:

(1)     Unless the Defendant is restrained from the conduct described hereinbelow, Plaintiffs will suffer irreparable injury from such conduct;

(2)     Plaintiffs have established the likelihood that they will prevail on the merits of their claims;

(3)     The harm to Plaintiffs if this Temporary Injunction is not granted outweighs the harm to the Defendants if it is granted; and

(4)     The interests of the public will be advanced by the granting of this Temporary Injunction.

Accordingly, Defendants and their agents are restrained and enjoined from further:

(1) offering, using, marketing, manufacturing, transferring, selling, or disposing of any products or services which bear Plaintiffs' proprietary mark, which is specifically defined herein as the use of the Plaintiff's Presidential logo, embedded herein, and as depicted in the trademark registration no. 6542307:



or any confusingly similar variation thereof (all collectively referred to herein as the "Mark").

Provided, however, that the Court declines to enjoin or restrict the Defendants from utilizing the

name "Presidential" in its business operations to the extent that the use of the name "Presidential" is not coupled with the use of the Mark or otherwise violative of the Court's Order herein;

(2) permitting or authorizing any third-party, including third-party distributors or sales-persons in possession of "Presidential" Branded Products containing the Mark from committing any of the conduct in paragraph (1) above absent Plaintiffs' express permission granted in writing;

(3) representing themselves as agents or affiliates of Plaintiffs' or Plaintiffs' brand or committing any act that is purported to create either an impression that Plaintiffs are affiliated with Defendants, the Mark, or any one of them, or establishing any legal obligation on behalf of Plaintiffs or Plaintiffs' Mark with respect to any third-party;

(4) permitting the destruction, transfer, or waste of any of Plaintiffs' claimed business personal property or proprietary information that is in Defendants' possession, including Plaintiffs' packaging and manufacturing equipment;

(5) interfering with Plaintiffs' business contracts and relationships, including its relationship with its employees and contractors;

(6) interfering with Plaintiffs' relationship with any governmental authority, and

(7) attempting to contact employees and members of Plaintiffs' business, or its customers, vendors, or suppliers, pending further notice by the Court.

This Order shall remain in effect until further order of this Court.

THIS ORDER IS ENTERED THIS _18_ day of _Aug_ , 2023 at _1_ : _30_ , _P_ .m.


JF CORLEY
_____
DISTRICT COURT JUDGE

APPROVED BY:

Justin R. Williams, OBA No. 32539
OVERMAN LEGAL GROUP, PLLC
809 NW 36th Street,
Oklahoma City, Oklahoma 73118
Telephone:      (405) 605-6718
Facsimile:       (405) 605-6719
Email:           Justinwilliams@overmanlegal.com
ATTORNEYS FOR PLAINTIFFS


Michael R. Perri
PERRI DUNN PLLC
100 N. Broadway Ave., Suite 3280
Oklahoma City, Oklahoma 73102
Telephone:      (405) 724-8543
Facsimile:       (405) 605-6719
Email:           mrperri@perridunn.com
ATTORNEYS FOR DEFENDANTS

Court Clerk for
gan County, Okla., hereby certify that the
foregoing is a true, correct and complete
copy of the instrument herewith set out as
appears of record in the Court Clerk's
office of Logan County, Okla. this 18
day of August, 2023.
CHERYL SMITH, Court Clerk

IN THE DISTRICT COURT OF LOGAN COUNTY
STATE OF OKLAHOMA

2023 AUG 18  PM 2: 17

PRESIDENTIAL MARKETING )
CONSULTANTS CORP., a California )
corporation; and PM CONSULTANTS OK )
LLC, an Oklahoma limited liability company; )
       )
      PLAINTIFFS, )
       )
v. )    Case No: CJ-2023-108
       )
REDS HEALTH & WELLNESS LLC; an )
Oklahoma limited liability company; MELVIN )
CHILDS, an individual; and VERDIA )
"ELAINE" EZELL-CHILDS )
       )
      DEFENDANTS. )

## ORDER GRANTING PLAINTIFFS'
## APPLICATION FOR TEMPORARY INJUNCTION

Plaintiffs, Presidential Marketing Consultants Corp., and PM Consultants OK LLC's

("Plaintiffs"), hearing on their Application for the issuance of a Temporary Injunction, filed

pursuant to 12 O.S. §1381 *et. seq.*, was heard on the morning of June 7, 2023. Plaintiffs appeared

through their member and shareholder, John Zapp, and their counsel of record, Justin Williams of

Overman Legal Group, PLLC. Defendants, Reds Heath & Wellness LLC, Melvin Childs, and

Verdia Ezell-Childs ("Defendants") appeared personally and through their counsel, Michael Perri

and Socorro Adams Dooley of Perri Dunn PLLC.

The Court heard opening arguments from the parties' counsel, heard the testimony of John

Zapp, Melvin Childs, and Verdia Ezell-Childs, and reviewed the evidence introduced at the

hearing. Having reviewed the evidence and testimony introduced at the hearing, reviewed the

Plaintiffs' Application, being fully advised in the Premises, and for good cause shown, the Court

EXHIBIT
3

hereby GRANTS the Plaintiffs' Application for a Temporary Injunction on the terms set forth hereinbelow.

In connection with its ruling, the Court makes the following affirmative findings:

(1)     Unless the Defendant is restrained from the conduct described hereinbelow, Plaintiffs will suffer irreparable injury from such conduct;

(2)     Plaintiffs have established the likelihood that they will prevail on the merits of their claims;

(3)     The harm to Plaintiffs if this Temporary Injunction is not granted outweighs the harm to the Defendants if it is granted; and

(4)     The interests of the public will be advanced by the granting of this Temporary Injunction.

Accordingly, Defendants and their agents are restrained and enjoined from further:

(1) offering, using, marketing, manufacturing, transferring, selling, or disposing of any products or services which bear Plaintiffs' proprietary mark, which is specifically defined herein as the use of the Plaintiff's Presidential logo, embedded herein, and as depicted in the trademark registration no. 6542307:



or any confusingly similar variation thereof (all collectively referred to herein as the "Mark"). Provided, however, that the Court declines to enjoin or restrict the Defendants from utilizing the

name "Presidential" in its business operations to the extent that the use of the name "Presidential" is not coupled with the use of the Mark or otherwise violative of the Court's Order herein;

(2) permitting or authorizing any third-party, including third-party distributors or sales-persons in possession of "Presidential" Branded Products containing the Mark from committing any of the conduct in paragraph (1) above absent Plaintiffs' express permission granted in writing;

(3) representing themselves as agents or affiliates of Plaintiffs' or Plaintiffs' brand or committing any act that is purported to create either an impression that Plaintiffs are affiliated with Defendants, the Mark, or any one of them, or establishing any legal obligation on behalf of Plaintiffs or Plaintiffs' Mark with respect to any third-party;

(4) permitting the destruction, transfer, or waste of any of Plaintiffs' claimed business personal property or proprietary information that is in Defendants' possession, including Plaintiffs' packaging and manufacturing equipment;

(5) interfering with Plaintiffs' business contracts and relationships, including its relationship with its employees and contractors;

(6) interfering with Plaintiffs' relationship with any governmental authority, and

(7) attempting to contact employees and members of Plaintiffs' business, or its customers, vendors, or suppliers, pending further notice by the Court.

This Order shall remain in effect until further order of this Court.

THIS ORDER IS ENTERED THIS _18_ day of _Aug_, 2023 at _1_:_30_ _P_.m.


_____
ꞮꝮ CORLEY

DISTRICT COURT JUDGE

APPROVED BY:

Justin R. Williams, OBA No. 32539
OVERMAN LEGAL GROUP, PLLC
809 NW 36th Street,
Oklahoma City, Oklahoma 73118
Telephone:      (405) 605-6718
Facsimile:      (405) 605-6719
Email:          Justinwilliams@overmanlegal.com
ATTORNEYS FOR PLAINTIFFS


Michael R. Perri
PERRI DUNN PLLC
100 N. Broadway Ave., Suite 3280
Oklahoma City, Oklahoma 73102
Telephone:      (405) 724-8543
Facsimile:      (405) 605-6719
Email:          mrperri@perridunn.com
ATTORNEYS FOR DEFENDANTS

Court Clerk for
...gan County, Okla., hereby certify that the
foregoing is a true, correct and complete
copy of the instrument herewith set out as
appears of record in the Court Clerk's
Office of Logan County, Okla. this _18_
day of _August_, 20_23_.
CHERYL SMITH Court Clerk
Dep.

**Socorro Adams Dooley**

| | |
|---|---|
| **From:** | Michael R. Perri |
| **Sent:** | Wednesday, August 23, 2023 6:28 PM |
| **To:** | Kyaire Wynn |
| **Cc:** | Socorro Adams Dooley; Ali Wolff; Lisa Wang; Melvin Childs |
| **Subject:** | RE: Reds Health & Wellness LLC - Follow up |
| **Attachments:** | 2023.16.08OrderGrantingInjunction.pdf |

Kyaire:

To be clear, we are prepared to take legal action against LeafLink if LeakLink takes any action, or continues to threaten to take any action denying Reds its right to use the name Presidential or Presidential THC. Contrary to your misguided assertion, the Court Order upon which you apparently rely (copy attached) makes clear that Reds is NOT enjoined from using the name Presidential, or any derivative thereof.

So, to clear up any confusion, and to avoid any unnecessary legal filings, I look forward to receiving the name/number of your legal counsel, or hearing from your legal counsel, before 10:00 am Oklahoma time tomorrow morning.



Michael R. Perri | mrperri@perridunn.com
Perri Dunn PLLC | 405-724-8543

**From:** Michael R. Perri
**Sent:** Wednesday, August 23, 2023 5:30 PM
**To:** Kyaire Wynn <kyaire.wynn@leaflink.com>
**Cc:** Socorro Adams Dooley <sadooley@perridunn.com>; Ali Wolff <ali.wolff@leaflink.com>; Lisa Wang
<lisa.wang@leaflink.com>; Melvin Childs <melvin.childs@gmail.com>
**Subject:** RE: Reds Health & Wellness LLC - Follow up

Kyaire:

Please send me the name and phone number of Leaflink's legal counsel, or have that legal counsel call me first thing in the morning please. My direct line is 405-724-8540. And my cell is 405-823-2761.

Thanks,
Mike



Michael R. Perri | mrperri@perridunn.com
Perri Dunn PLLC | 405-724-8543

**From:** Michael R. Perri <mrperri@perridunn.com>
**Sent:** Wednesday, August 23, 2023 4:56 PM
**To:** Kyaire Wynn <kyaire.wynn@leaflink.com>
**Cc:** Socorro Adams Dooley <sadooley@perridunn.com>; Ali Wolff <ali.wolff@leaflink.com>; Lisa Wang
<lisa.wang@leaflink.com>; Melvin Childs <melvin.childs@gmail.com>
**Subject:** RE: Reds Health & Wellness LLC - Follow up

As you will see from the attached Order, Reds Health & Wellness is authorized to use whatever name it desires, including "Presidential" and " Presidential THC"

**EXHIBIT**

tabbies®  **4**



Michael R. Perri | mrperri@perridunn.com
Perri Dunn PLLC | 405-724-8543

**From:** Michael R. Perri <mrperri@perridunn.com>
**Sent:** Wednesday, August 23, 2023 4:54 PM
**To:** Kyaire Wynn <kyaire.wynn@leaflink.com>
**Cc:** Socorro Adams Dooley <sadooley@perridunn.com>; Ali Wolff <ali.wolff@leaflink.com>; Lisa Wang <lisa.wang@leaflink.com>; Melvin Childs <melvin.childs@gmail.com>
**Subject:** Re: Reds Health & Wellness LLC - Follow up

Please advise what Leaflink specifically believes is an infringement?

Get Outlook for iOS

**From:** Kyaire Wynn <kyaire.wynn@leaflink.com>
**Sent:** Wednesday, August 23, 2023 4:50:55 PM
**To:** Michael R. Perri <mrperri@perridunn.com>
**Cc:** Socorro Adams Dooley <sadooley@perridunn.com>; Ali Wolff <ali.wolff@leaflink.com>; Lisa Wang <lisa.wang@leaflink.com>
**Subject:** Reds Health & Wellness LLC - Follow up

Dear Mr. Perri,
We have received a legal notification that your client, Reds Health & Wellness LLC, is violating the intellectual property rights of a third party. This is a violation of LeafLink's terms and conditions. Please be advised that your client must remove all infringing products (in this case, any product labeled with "Presidential" or "Presidential THC") from the LeafLink Marketplace. If your client does not comply within 24 hours, their account will be suspended. Thank you in advance for your cooperation.

## ℒ leaflink

**Kyaire Wynn**
Compliance Specialist, Logistics
LeafLink, Inc.
Kyaire.Wynn@leaflink.com